ELGIN RAMSEY v. THE STATE.

No. 7444. Decided May 9, 1923.

1.—Intoxicating Liquor—Transportation—Continuance.

Where the application for continuance showed that the absent witnesses resided in another State and had assured defendant that they would voluntarily appear and testify for him, this presented no excuse for not taking the depositions of said witnesses in accordance with law, and the evidence being sufficient to support the conviction, there is no no reversible error.

2.—Rehearing—Indictment—Constitutional Law.

The contention of appellant that the amendment to the Dean Law, Act of the Thirty-seventh Legislature, is unconstitutional is untenable. In the enactment of said law the Legislature saw fit to put the restrictive regulation upon the manufacture, sale, etc., of such liquors for said excepted purposes, etc., and the indictment is sufficient.

Appeal from the District Court of Titus. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*I. N. Williams* and *B. B. Sturgeon,* for appellant.

*R. G. Storey,* Assistant Attorney General for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Titus County of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The indictment in this case was returned on January 6, 1922, and the case was called for trial in June of said year. Appellant then presented an application for continuance based on the absence of two witnesses, one of whom was alleged to live in Arkansas and the other in Louisiana. It is stated that both of said witnesses had assured appellant that they would voluntarily come and testify in his behalf. Such representation affords no justification of reliance thereon and presents no excuse for not taking the deposition of said witnesses in accordance with our statute. The testimony is ample to show that appellant was driving a car in which there was a large quantity of liquor on the occasion in question. A car accident revealed the presence of said liquor. Appellant fled. The evidence supports the verdict.

Finding no error in the record, an affirmance is ordered.

*Affirmed.*

ON REHEARING.

May 9, 1923.

LATTIMORE, Judge.—Appellant now contends that the indictment herein is fundamentally defective and charges no offense against the laws of this State. Said indictment charges in the usual form that appellant did then and there unlawfully and not for medicinal, mechanical, scientific or sacramental purposes transport spirituous, vinous and intoxicating liquors and malt liquors capable of producing intoxication, etc. Appellant's contention is that the amendment to the Dean Law contained in Chapter 61, Acts Second Called Session of the Thirty-seventh Legislature, is unlawful and invalid, in that it is contrary to the purport and effect of the constitutional amendment forbidding the manufacture, sale, etc., of intoxicating liquor. We find ourselves entirely unable to agree with appellant's contention. The constitutional amendment permits the manufacture, sale, etc., of intoxicating liquors for four excepted purposes. In the enactment of the Dean Law the Legislature saw fit to put a restrictive regulation upon the manufacture, sale, etc., of such liquors for said excepted purposes, by requiring the persons who so attempt to do, to procure a permit. The question of a permit has no application and is of no concern to one who is not transporting liquors for one of the

excepted purposes. The indictment alleges that appellant was transporting the liquors found in his possession for a purpose other than any of said exceptions.

Appellant's motion for rehearing will be overruled.

*Overruled.*